IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ERIC BASS<br>6151 Mulberry St.<br>Philadelphia, PA 19135<br>and<br>KHALID CARRINGTON<br>2346 R West Glenwood Ave.<br>Philadelphia, PA 19121<br>and<br>MAURICE JONES<br>7032 Large St.<br>Philadelphia, PA 19149<br><br>           Plaintiff,<br><br>v.<br><br>CAPSTONE LOGISTICS, LLC<br>6525 The Corners Pkwy<br>Suite 520<br>Norcross, GA 30092<br>and<br>PINNACLE WORKFORCE<br>LOGISTICS, LLC<br>6525 The Corners Parkway, Ste. 520<br>Peachtree Corners, GA 30092<br><br>           Defendants. | CIVIL ACTION<br><br>No. _____<br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiffs, by and through their undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1. This action has been initiated by Eric Bass, Khalid Carrington, and Maurice Jones (*hereinafter* collectively referred to as "Plaintiffs," unless indicated otherwise) to redress violations by Capstone Logistics, LLC and Pinnacle Workforce Logistics, LLC (*hereinafter*

collectively referred to as "Defendants," unless indicated otherwise) of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. § 201, *et. seq.*) and applicable state law(s).

## II. JURISDICTION AND VENUE

2. This action is initiated pursuant to a federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States. This Court has supplemental jurisdiction over Plaintiffs' state law claims because they arise out of the same circumstances and are based upon a common nucleus of operative fact.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b) (1), venue is properly laid in this district because Defendants are residents of this district.

## III. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiffs are adult individuals, with addresses as set forth in the caption.

7. Defendant Capstone Logistics, LLC (*hereinafter* referred to as "Defendant Capstone") is a business entity that provides distribution and warehouse management to various different facilities throughout the United States.

2

8. Defendant Pinnacle Workforce Logistics, LLC (*hereinafter* "Defendant Pinnacle") is a business entity that provides workforce logistic services throughout the United States to various different facilities.

9. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.[1]

10. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. FACTUAL BACKGROUND

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Plaintiff Bass has been employed with Defendants since in or about October of 2015 as a freight handler in a warehouse located at 2722 Commerce Way, Philadelphia, PA.

13. Plaintiff Jones has been employed by Defendants since in or about July of 2013 as a freight handler/team lead in a warehouse located at 2722 Commerce Way, Philadelphia, PA.

14. Plaintiff Carrington has been employed by Defendants since in or about October of 2015 as a freight handler in a warehouse located at 2722 Commerce Way, Philadelphia, PA.

---

[1] For example, both Defendant Capstone and Defendant Pinnacle appear on Plaintiffs' pay stubs.

15. Plaintiffs have and continue to be paid on an hourly basis during their respective periods of employment with Defendants. However, their hourly rate can and has changed on a weekly basis contingent upon a calculation method known as "MAP".

16. Therefore, Plaintiff Bass' and Plaintiff Carrington's hourly rate, when using the MAP calculation method, has ranged anywhere from $10.00 per hour to approximately $15.00 per hour during their respective periods of employment with Defendants. Plaintiff Jones' hourly rate, when using the MAP calculation method, has range anywhere from $12.00 per hour to approximately $19.00 per hour during his tenure with Defendants.

17. Upon information and belief, the MAP is based on a variety of different factors, including but not limited to the facility's over-all income that week and deductions for various things, including sanitation and building fees.[2]

18. Upon further information and belief, deductions were being made from Plaintiffs' weekly wages for building fees, which included the use of a freight person that did not exist and that Defendants did not utilize. Plaintiffs also never agreed to this deduction.

19. Therefore, Defendants aforesaid improper deductions affected the over-all MAP each week, which decreased Plaintiffs' base pay and their eventual overtime rates.

20. Defendants have never classified Plaintiffs as employees who are exempt from overtime, and all Plaintiffs, throughout their entire durations of employment have been entitled to overtime compensation.

21. Defendants have committed the following wage, hour, and overtime violations as to Plaintiffs:

---

[2] Plaintiffs have asked Defendants' management numerous times for a breakdown of what the MAP calculation includes; however, other than the factors described in Paragraph 17 of this Complaint, they have always been given vague and general answers.

A. Defendants have intentionally not paid Plaintiffs their proper hourly rate for all hours they worked on a weekly basis;

B. Defendants have intentionally made illegal deductions from Plaintiffs paychecks, which in turn decreased their base rate and over-time rate; and

C. Defendants have intentionally failed to pay Plaintiffs all overtime they are entitled to on a weekly basis, and have instead, reduced Plaintiffs' base rate so that their overtime rate would also be reduced.

22. Plaintiffs are owed very substantial sums of monies for not properly being paid time and one half their proper hourly rate for all overtime they worked.

23. Defendants' actions have been willful and intentional, as Defendants' management has perpetuated a payroll scheme to deprive workers of substantial compensation.

## Count I
## Violations of the Fair Labor Standards Act ("FLSA")
(Overtime Violations)
- Against Both Defendants -

24. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

25. At all times relevant herein, Defendants have and continue to be employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203 ("FLSA").

26. At all times relevant herein, Defendants to this Action were responsible for paying wages to Plaintiffs.

27. At all times relevant herein, Plaintiffs were employed with Defendants as "employee[s]" within the meaning of the FLSA.

5

28. The FLSA requires covered employers, such as Defendants, to minimally compensate its "non-exempt" employees, such as Plaintiffs, 1.5 times the employee's regular rate of pay for each hour that the employee works over 40 in a workweek.

29. At all times during their employment with Defendants, Plaintiffs were "non-exempt" employees within the meaning of the FLSA.

30. Plaintiffs often times worked in excess of 40 hours per week throughout their employment with Defendants.

31. Throughout Plaintiffs' employment with Defendants, Plaintiffs were paid an hourly rate. Plaintiffs' base rates changed according to the over-all MAP each week.

32. Upon information and belief, deductions were being made from Plaintiffs' weekly wages for building fees, which included the use of a freight person that did not exist and that Defendants did not utilize. Plaintiffs also never agreed to these deductions.

33. Therefore, Defendants aforesaid improper deductions affected the over-all MAP each week, which decreased Plaintiffs' base rate and their eventual overtime rates.

34. Thus, Plaintiffs were not properly paid for all hours that they worked in excess of 40 hours per week.

35. Plaintiffs therefore seek all remedies permitted under the FLSA for unpaid wages, as well as penalties and interest.

### Count II
### Violations of the Pennsylvania Minimum Wage Act ("PMWA")
#### (Overtime Violations)
#### - Against Both Defendants -

36. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

37. Defendants' failure to pay overtime wages in the aforesaid manners also constitutes a violation of the PMWA.

## Count III
### Violation of the Pennsylvania Wage Payment Collection Law ("WPCL") (43 P.S. 260.3(a)-(b)) - Against Both Defendants -

38. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

39. Plaintiffs each have an agreement with Defendants whereby Defendants agreed to compensate Plaintiff for all services performed during their employment.

40. Even though Plaintiffs have performed and continue to perform the agreed upon services for Defendants, Defendants have failed to properly compensate Plaintiffs for all wages owed during their employment by making illegal and unauthorized deductions from their pay, which ultimately affected/decreased their proper base rate and overtime rate.

41. These actions as aforesaid constitute violations of the Pennsylvania Wage Payment and Collection Law.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting payroll violations.

B. Defendants are to compensate Plaintiffs, reimburse Plaintiffs, and make Plaintiffs whole for any and all pay and benefits Plaintiffs would have received had it not been for Defendants' wrongful actions, including but not limited to past lost earnings and wages, back pay, front pay, salary, pay increases, and bonuses.

C. Plaintiffs are to be awarded liquidated damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their

willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate;

E. Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

F. Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

Ari R. Karpf, Esquire
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: July 11, 2017

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ERIC BASS, ET AL. | : | CIVIL ACTION |
| v. | : | |
| CAPSTONE LOGISTICS, LLC, ET AL. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X)

| 7/11/2017 | [signature] | Plaintiff |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 6151 Mulberry St, Phila PA 19135; 2346 R West Glenwood Ave, Phila PA 19121; 7032 Large St, Phila PA 19149

Address of Defendant: 6525 The Corners Pkwy, Ste 520, Norcross GA 30092; 6525 The Corners Pkwy, Ste 520, Peachtree Corners GA 30092

Place of Accident, Incident or Transaction: Defendants place of business
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐   No☒

Does this case involve multidistrict litigation possibilities?     Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No☐

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. Federal Question Cases:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☒ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. Diversity Jurisdiction Cases:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

## ARBITRATION CERTIFICATION
(Check Appropriate Category)

I, Ari R. Karpf, counsel of record do hereby certify:
☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: 7/11/2017     Attorney-at-Law     ARK2484     Attorney I.D.# 91538

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/11/2017     Attorney-at-Law     ARK2484     Attorney I.D.# 91538

CIV. 609 (5/2012)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BASS, ERIC
CARRINGTON, KHALID
JONES, MAURICE

**DEFENDANTS**
CAPSTONE LOGISTICS, LLC, ET AL.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Gwinnett
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☒ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent - Abbreviated New Drug Application
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Fair Labor Standards Act "FLSA" (29USC201)

Brief description of cause:
Violations of the FLSA and applicable state law(s).

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE: 7/11/2017

SIGNATURE OF ATTORNEY OF RECORD *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

[Print]  [Save As...]  [Reset]